# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MICHAEL H. HENSLEY, JR.,

    Plaintiff,

v.

FRASHAUN DARROUGH,

    Defendant.

_____/

Case No. 23-11226
Hon. Jonathan J.C. Grey
Mag. Judge Curtis Ivy, Jr.

## ORDER ADOPTING REPORT AND RECOMMENDATION
## (ECF No. 34)

On May 24, 2023, Plaintiff Michael H. Hensley, Jr. filed this pro se civil action against Defendant Frashaun Darrough alleging violations of Hensley's Eighth Amendment rights under 42 U.S.C. § 1983. (ECF No. 1.) On October 6, 2023, all pre-trial matters in this case were referred to United States Magistrate Judge Curtis Ivy, Jr. (ECF No. 16.) On May 6, 2023, Darrough filed a motion for summary judgment. (ECF No. 26.)

This matter comes before the Court on Magistrate Judge Curtis Ivy, Jr.'s Report and Recommendation dated October 4, 2024. (ECF No. 34.) In the Report and Recommendation, Judge Ivy recommends that the Court grant Darrough's motion for summary judgment (ECF No. 26) and

dismiss the case. (ECF No. 34.) Hensley objects to Judge Ivy's Report and Recommendation. (ECF No. 41.) Specifically, Hensley argues there is a genuine issue of material fact as to whether Darrough used excessive force when he allegedly repeatedly punched Hensley in the face while Hensley was unconscious during an arrest. (*Id.*)

When ruling on objections to a magistrate judge's Report and Recommendation, the court must conduct a de novo review of portions of the Report and Recommendation to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). An objection that does nothing more than disagree with a magistrate judge's findings, "without explaining the source of the error[,]" is not considered a valid objection. *Id.*

Further, "[a] district court should only review for clear error where a party makes perfunctory arguments to engage the district court in

rehashing the same arguments set forth in the original petition." *Brooks v. Invista (Koch Indus.)*, 528 F. Supp. 2d 785, 788 (E.D. Tenn. 2007). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks." *Id.* "This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

The Court has had an opportunity to review this matter and finds that Hensley's objection merely restates his previous argument. Once again, Hensley argues that he was unconscious during Darrough's use of force and, therefore, there is a genuine issue of material fact as to whether Darrough used excessive force. (ECF No. 30, PageID.135; ECF No. 41, PageID.184–185.) However, the record shows that Hensley "was not unconscious at any point . . . and was actively resisting arrest." (ECF No. 34, PageID.154) (quoting ECF No. 26-5, PageID.109.) Hensley himself did not argue that he *was* unconscious during the use of force at issue. Instead, he argued that he "had no knowledge of what was transpiring after being [tased]," which, to him, was *analogous* to being unconscious. (ECF No. 30, PageID.135.) While Hensley cannot recall

3

what occurred, Darrough testified that Hensley was not only conscious, but also actively resisting arrest. (ECF No. 34, PageID.154.) Therefore, the Magistrate Judge reached the correct conclusions for the proper reasons. Finding no error in the Magistrate Judge's Report and Recommendation, the Court adopts the Report and Recommendation in its entirety.

For the reasons stated above, **IT IS ORDERED** that the Report and Recommendation dated October 4, 2024 (ECF No. 34) is **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Darrough's motion for summary judgment (ECF No. 26) is **GRANTED**.

**IT IS FURTHER ORDERED** that this cause of action is **DISMISSED WITH PREJUDICE**.

SO ORDERED.

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

Dated: March 26, 2025

5

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 26, 2025.

**s/ S. Osorio**
Sandra Osorio
Case Manager
